UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
 XIOMARA GLOVER,

       Plaintiff,

   -against-          **REPORT AND**
                  **RECOMMENDATION**
                  18 CV 6763 (DLI) (CLP)
 TRIUMPH CONSTRUCTION CORP. and
 ALLSTARS SECURITY & PROTECTIVE
 SERVICES, INC.,

       Defendants.
------------------------------------------------------------- X
**POLLAK**, Chief United States Magistrate Judge:

   On November 28, 2018, plaintiff Xiomara Glover filed this action against Triumph

Construction Corp. ("Triumph") and Allstars Security & Protective Services, Inc. ("Allstars")

(collectively, "defendants"), alleging race discrimination, sexual harassment, and seeking to

recover unpaid overtime wages and other damages pursuant to the Fair Labor Standards Act

("FLSA"), 29 U.S.C. § 201 et seq., the New York Labor Law, Art. 6 § 190 et seq., and Art. 19 §

650 et seq., and the supporting New York State Department of Labor regulations, 12 N.Y.C.R.R.

§ 142 (collectively, "NYLL").

   Ms. Glover reached a settlement of her wage claims as to Allstars, the terms of which are

set forth in a Settlement Agreement and Release (the "Settlement Agreement") filed with the

Court.  (See Sett. Agr.[1]).  On October 28, 2020, plaintiff filed a motion requesting that the Court

approve the Settlement Agreement as fair and reasonable pursuant to Cheeks v. Freeport Pancake

House, Inc., 796 F.3d 199 (2d Cir. 2015), cert. denied, 136 S. Ct. 824 (2016).  On December 9,

2020, the Court held a fairness hearing on the motion.  For the reasons set forth below, the Court

---

[1] Citations to "Sett. Agr." refer to the revised Settlement Agreement and Release, filed December 17, 2020, ECF No. 40.

respectfully recommends approval of the amended Settlement Agreement[2] as fair and reasonable and recommends approval of the attorney's fee.

FACTUAL AND PROCEDURAL BACKGROUND

According to the Complaint, plaintiff was a flagger for Allstars, a subcontractor of Triumph, at a construction site in Brooklyn, New York.  (Am. Compl.[3] ¶¶ 8, 9).  Allstars employed Xiomara Glover starting in November 2017.  (Id. ¶ 8).  Plaintiff's job entailed flagging pedestrians and work trucks in and around construction sites, shoveling ice and snow, moving barricades, and being on site when welding or electrical work was taking place.  (Id. ¶¶ 17, 18). Plaintiff claims that she regularly worked 50 to 60 hours per week.  (Id. ¶ 12).  She claims that her paystubs inaccurately reflected the hours she actually worked, and that she was frequently not paid time and a half for hours worked over 40 each week.  (Id.)  Plaintiff claims that when she reported these inaccuracies, she would be scheduled for less work, scheduled on less favorable shifts, or laid off temporarily.  (Id. ¶ 13).  Plaintiff alleges joint and several liability as between Allstars and Triumph, the general contractor on the site.[4]

Plaintiff proposes to settle the case against Allstars for a total of $8,000.  (Mot.[5] at 1).  Of that amount, plaintiff is to receive $5,333.  (Sett. Agr. at 1).  Plaintiff's counsel is to receive

---

[2] Following the fairness hearing before the Court on December 9, 2020, the parties submitted a revised Settlement Agreement with amendments to the release and non-disparagement clauses.  See discussion infra at 4–5.

[3] Citations to "Am. Compl." refer to the Amended Complaint, filed November 28, 2018, ECF No. 2.

[4] Plaintiff brings additional claims against Triumph, arising from her subsequent employment with Triumph, that are beyond the scope of the instant motion.

[5] Citations to "Mot." refer to the Motion for Settlement Approval, filed by plaintiff on August 19, 2020, ECF No. 18.

$2,667 in attorney's fees and costs.  (Id.)

DISCUSSION

1.  Legal Standards

In considering whether to approve an FLSA settlement, courts consider whether the agreement "reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching."  Le v. Sita Info. Networking Computing USA, Inc., No. 07 CV 86, 2008 U.S. Dist. LEXIS 46174, at *1-2 (E.D.N.Y. June 12, 2008) (internal quotation omitted); accord Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1354 (11th Cir. 1982) (holding that where an FLSA settlement is a reasonable compromise, the settlement should be approved to "promote the policy of encouraging settlement of litigation").  Courts have identified several factors to consider when determining whether a proposed settlement is fair and reasonable, including:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotations and citations omitted); see also Cohetero v. Stone & Tile, Inc., No. 16 CV 4420, 2018 WL 565717, at *6 (E.D.N.Y. Jan. 25, 2018) (endorsing the factors from Wolinsky).

"When presented with a settlement for approval, a district court's options are to (1) accept the proposed settlement; (2) reject the proposed settlement and delay proceedings to see if a different settlement can be achieved; or (3) proceed with litigation."  Fisher v. SD Prot. Inc., 948

3

F.3d 593, 606 (2d Cir. 2020) (citing Evans v. Jeff D., 475 U.S. 717, 727 (1986)).  "[E]ven

though a district court has a duty to review an FLSA settlement for reasonableness to prevent

any potential abuse, this does not grant the court authority to rewrite contract provisions it finds

objectionable."  Id. at *9.  Rather, if the court finds one or more provisions of a FLSA settlement

agreement to be unreasonable, the Court must reject the proposed settlement.  See id at *8.


2.  Settlement Terms

      The Court respectfully recommends a finding that the terms of the Settlement Agreement,

are fair and reasonable.  The written agreement contains no impermissible confidentiality

provision.  See Souza v. 65 St. Marks Bistro, No. 15 CV 327, 2015 WL 7271747, at *5

(S.D.N.Y. Nov. 6, 2015).  Plaintiff's release of claims is limited to wage and hour claims, gender

and race discrimination, and retaliation claims arising on or before the date the settlement

agreement was executed, so the release is not impermissibly broad.  See Panganiban v. MedEx

Diagnostic and Treatment Center, LLC, 15 CV 2588, 2016 WL 927183, at *3 (E.D.N.Y. Mar. 7,

2016).

      The Settlement Agreement also contains a mutual non-disparagement clause.  (Sett. Agr.

at 4).  The clause defines disparagement as "any communication made for the purpose of directly

or indirectly adversely impacting the business or reputation of the person or entity to whom or

which the communication relates. . . ."  (Id.)  When plaintiff initially submitted the settlement

agreement, the agreement did not contain a carve-out for truthful statements pursuant to the

instant litigation.  The Court indicated some concern with the proposed clause as written, and the

parties submitted a revised Settlement Agreement making clear that neither party shall be

precluded from making truthful statements in the course of the continuing litigation.[6]  Given that the clause is a mutual one, is limited to and contains a carve-out for truthful statements related to the instant litigation, the Court respectfully recommends a finding that the clause is not objectionable.

### 3. Settlement Amount

The Settlement Agreement, which was reached after a period of arm's-length bargaining, proposes a total settlement amount of $8,000.  (Mot. at 2).   In reaching this agreement, the parties acknowledge that there were ongoing disputes regarding the plaintiff's claims and the extent of damages to be awarded.  (Sett. Agr. at 1).  Allstars denies that it owes any unpaid wages or damages to the plaintiff.  (Id.)  Allstars maintains that plaintiff was properly classified as a crossing guard, and therefore was not entitled to the prevailing wage she maintains she was entitled to as a flagger.  (Id.)

Plaintiff alleges over $25,000 in damages in her Complaint.  (Am. Compl. ¶¶ 58, 62). Under this agreement, plaintiff will receive $5,333.  (Sett. Agr. at 2).  Plaintiff asserts that any damages not recovered from Allstars can later be recovered from Triumph on a theory of joint employer liability.  (Sett. Agr. at 3).

Weighing the settlement amount agreed to here against the inherent risks and burdens that plaintiff would face in pursuing the litigation, and seeing no issues regarding potential fraud or collusion in this case, the Court respectfully recommends a finding that the settlement reached is fair and reasonable.  See Wolinsky v. Scholastic Inc., 900 F. Supp. 2d at 335.

---

[6] The Court recommends approval of the revised agreement, understanding this procedure to comport with Fisher v. SD Prot. Inc., 948 F.3d 593.

4.  <u>Attorney's Fees and Costs</u>

The Second Circuit has set forth six factors to determine whether attorney's fees in FLSA

settlements are reasonable:  "(1) the time and labor expended by counsel; (2) the magnitude and

complexities of the litigation; (3) the risk of the litigation . . .; (4) the quality of representation;

(5) the requested fee in relation to the settlement; and (6) public policy considerations."

<u>Goldberger v. Integrated Res., Inc.</u>, 209 F.3d 43, 50 (2d Cir. 2000).

Courts employ the "lodestar" method in determining whether attorney's fees are

reasonable, multiplying the number of hours reasonably spent by counsel on the matter by a

reasonable hourly rate.  <u>See</u> <u>Perdue v. Kenny A. ex rel. Winn</u>, 559 U.S. 542, 546, 551-52 (2010);

<u>Millea v. Metro-North R.R. Co.</u>, 658 F.3d 154, 166 (2d Cir. 2011); <u>Arbor Hill Concerned</u>

<u>Citizens Neighborhood Ass'n v. Cnty. of Albany</u>, 522 F.3d 182, 183 (2d Cir. 2008); <u>Cowan v.</u>

<u>Ernest Codelia, P.C.</u>, No. 98 CV 5548, 2001 WL 30501, at *7 (S.D.N.Y. Jan. 12, 2001), <u>aff'd</u>, 50

F. App'x 36 (2d Cir. 2002).  Although there is a "strong presumption that this amount represents

a reasonable fee," the resulting lodestar figure may be adjusted based on certain other factors.

<u>Cowan v. Ernest Codelia, P.C.</u>, 2001 WL 30501 at *7; <u>Quaratino v. Tiffany & Co.</u>, 166 F.3d

422, 425 (2d Cir. 1999).

Courts in this Circuit have addressed the issue of applying a multiplier to the lodestar

calculation.  In one case, the Honorable William H. Pauley III concluded that "a multiplier near 2

should, in most cases, be sufficient compensation for the risk associated with contingent fees in

FLSA cases."  <u>Fujiwara v. Sushi Yasuda Ltd.</u>, 58 F. Supp. 3d 424, 439 (S.D.N.Y. 2014).  In

reaching this decision, Judge Pauley examined the case law of this Circuit and noted that courts

"have generally refused multipliers as high as 2.03.'"  <u>Id.</u> at 438 (quoting <u>In re Currency</u>

<u>Conversion</u>, 263 F.R.D. 110, 129 (S.D.N.Y. 2009)); <u>see also</u> <u>Velandia v. Serendipity 3, Inc.</u>, No.

16 CV 1799, 2018 WL 3418776, at *5 (S.D.N.Y. July 12, 2018) (finding a multiplier of 1.2 to be a "reasonable lodestar modifier").

Instead of using the lodestar method, courts may employ the "percentage of the fund" method.  See McDaniel v. Cty. of Schenectady, 595 F.3d 411, 417 (2d Cir. 2010).  With this method, courts in this Circuit have routinely found an award representing one-third of the settlement amount to be reasonable.  Romero v. Westbury Jeep Chrysler Dodge, Inc., No. 15 CV 4145, 2016 WL 1369389, at *2 (E.D.N.Y. Apr. 6, 2016) (citing cases).  However, a one-third percentage may be "simply too great" in relation to the work performed.  Larrea v. FPC Coffees Realty Co., No. 15 CV 1515, 2017 WL 1857246, at *6 (S.D.N.Y. May 5, 2017) (declining to approve a one-third fee that would result in an 11.4 multiplier of the lodestar calculation).

In FLSA cases, regardless of the method used, "'[t]he Court must . . . separately assess the reasonableness of plaintiffs' attorney's fees, even when the fee is negotiated as part of a settlement rather than judicially determined.'"  Beckert v. Rubinov, No. 15 CV 1951, 2015 WL 6503832, at *2 (S.D.N.Y. Oct. 27, 2015) (quoting Lliguichuzca v. Cinema 60, LLC, 948 F. Supp. 2d. 362, 366 (S.D.N.Y. 2013).  Courts in this Circuit have reduced the award of attorney's fees when the lodestar or the percentage of the settlement that counsel sought appeared unreasonable.

Here, plaintiff's counsel seeks exactly one-third of the total settlement, amounting to a total of $2,667.  (Sett. Agr. at 2).  Counsel states that some 300 hours have been expended on this matter to date, making the requested fee extremely modest relative to the hours worked.  (Mot. at 4).  As plaintiff's counsel is requesting one-third of the settlement, a percentage typically found reasonable in this Circuit, upon review of the parties' submission and consideration of the

<u>Goldberger</u> factors set forth above, the Court respectfully recommends a finding that the requested fee is reasonable.

CONCLUSION

In this case, after holding a fairness hearing and reviewing the parties' submission, the Court respectfully recommends a finding that the settlement reached is a fair and reasonable compromise of plaintiff's claims, considering the amount received, the issues of potential liability that might have limited recovery, and the fact that the parties engaged in arms' length negotiations between experienced counsel, sufficient to gain an understanding of the risks and benefits of proceeding with the litigation.  Cf. <u>Wolinsky v. Scholastic, Inc.</u>, 900 F. Supp. 2d at 335 (examining the factors courts consider when approving FLSA settlement agreements).  The Court also respectfully recommends a finding that counsel's request for fees and costs is reasonable.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days.  <u>See</u> 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); <u>see also</u> Fed. R. Civ. P. 6(a), (e) (providing the method for computing time).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  <u>See, e.g.</u>, <u>Caidor v. Onondaga Cty.</u>, 517 F.3d 601, 604 (2d Cir. 2008) (explaining that "failure to object timely to a . . . report [and recommendation] operates as a waiver of any further judicial review of the magistrate [judge's] decision").

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
      December 18, 2020

/s/ Cheryl L. Pollak
_____
Cheryl L. Pollak
Chief United States Magistrate Judge
Eastern District of New York